# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSALYN D. BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-475-SPS ) |
| COMMISSIONER of the Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

The claimant Rosalyn D. Brown requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: whether the decision was supported by substantial evidence, and whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on April 24, 1968, and was forty-seven years old at the time of the administrative hearing (Tr. 34, 199). She completed the eleventh grade, and has worked as a cafeteria attendant, front area manager, cook, and health care provider (Tr. 26, 238). The claimant alleges she has been unable to work since May 20, 2013, due to her knees, left hand, and feet, as well as diabetes, fibromyalgia, fatigue, hypertension, hypothyroidism, major depression, GERD, and inflammatory polyarthritis (Tr. 237).

## Procedural History

On May 28, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ James Stewart held an administrative hearing and determined the claimant was not disabled in a written decision dated July 20, 2015 (Tr. 14-28). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that she could not climb

ladders, ropes, or scaffolds; could less than occasionally (defined as no more than ¾ hours per day, intermittently, not continuously) crouch, kneel, crawl, climb ramps and stairs, balance, and stoop. Additionally, the ALJ found that the claimant must be able to alternate sitting and standing, so that after sitting for one hour she must be allowed to stand for up to fifteen minutes, while still staying on task, before sitting down again. Finally, the ALJ determined that the claimant was limited to occasional bilateral handling and fingering (Tr. 20). The ALJ thus concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *i. e.*, surveillance monitor and call out operator (Tr. 26-27).

### Review

The claimant contends that the ALJ erred by: (i) failing to account for her limited ability to handle the stress of a work environment, and (ii) failing to properly evaluate her credibility. The Court agrees that the ALJ erred in his analysis at step four, and finds that his decision must therefore be reversed and remanded for the following reasons.

The ALJ determined that the claimant had the severe impairments of inflammatory poly-arthritis (also diagnosed as rheumatoid arthritis in the record), and obesity, as well as the nonsevere impairments of hypothyroidism, hypertension, GERD, sleep apnea, diabetes, and depression (Tr. 16-17). The medical evidence related to the claimant's mental impairments reveals treatment notes for an anxiety disorder not otherwise specified, as well as depression, and that she was largely treated with medication (Tr., *e. g.*, 385, 394, 398, 402, 461, 471-483, 487-506). She was referred to a psychologist or psychiatrist in July 2010 (Tr. 401).

On August 20, 2013, Dr. Denise LaGrand, Psy.D., conducted a Mental Status/Diagnostic Examination of the claimant (Tr. 341). Dr. LaGrand assessed the claimant with major depressive disorder, mild, as well as pain disorder, due to general medical condition (Tr. 344). She noted that the claimant's ability to attend and process low-level tasks was adequate, and that she expressed an interest in vocational rehabilitation if she could be retrained for work she was physically able to do (Tr. 344). Furthermore, Dr. LaGrand checked boxes indicating that the claimant had no limitation in maintaining appearance and judgment; mild limitation in twelve areas including understanding and remembering simple work instructions, persisting at tasks until completion, and relating appropriately to co-workers; as well as a moderate limitation in the ability to handle the stress of a work environment (Tr. 345).

On February 6, 2014, Dr. Ronald Schatzman conducted a physical examination of the claimant, noting some limited range of motion of the hip and knees (Tr. 362). He assessed the claimant with inflammatory polyarthritis, diabetes mellitus, obesity, psoriasis, fibromyalgia by history, and further stated that he believed the claimant was "severely impaired from activity of daily living and she is forthright" (Tr. 363).

State reviewing physicians determined that the claimant's mental impairment was a nonsevere impairment (Tr. 80-81, 111-112).

In his written opinion at step two, the ALJ noted that the claimant had been treated for "depressed mood" since 2010, but found that she had not been hospitalized for her depression and that medications were generally successful (Tr. 17). He noted Dr. LaGrand's assessment, including that the claimant had a moderate limitation in handling

the stress of a work environment, and gave it "significant weight" (Tr. 18). He then determined that the claimant's depression was not severe because she had only mild restriction in the three areas of functional limitation, and no episodes of decompensation (Tr. 18-19). At step four, the ALJ summarized the evidence with regard to the claimant's severe impairments, and only referenced her mental impairments to give great weight to the state reviewing physician opinions finding the claimant had no severe mental impairments (although he did use the claimant's statements regarding vocational rehabilitation against her in his credibility findings). He then concluded that she was not disabled (Tr. 20-26).

Here, the claimant alleges error with regard to her nonsevere mental impairment. Because the ALJ did find that the claimant had severe impairments, any failure to find the claimant's additional impairments severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effect of these impairments and account for them in formulating the claimant's RFC at step four. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) *and* 20 C.F.R. § 404.1523. *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe

impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'") [emphasis in original] [citations omitted]. But here the error *was not* harmless, because although the ALJ mentioned each impairment at step two the ALJ entirely failed to mention, much less consider the "cumulative effect of claimant's impairments," at step four. *Langley*, 373 F.3d at 1123. *See also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two. He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion]. The Tenth Circuit has held that "a conclusion that the claimant's mental impairments are non-severe at step two does not permit the ALJ simply to disregard those impairments when assessing a claimant's RFC and making conclusions at steps four and five." *Wells v Colvin*, 727 F.3d 1061, 1068-1069 (10th Cir. 2013). "To sum up, to the extent the ALJ relied on his finding of non-severity as a substitute for adequate RFC analysis, the Commissioner's regulations demand a more thorough analysis." *Well*, 727 F.3d at 1069. This is of particular concern where, as here, there is an indication that the claimant's nonsevere mental impairment may nonetheless have an effect on her ability to handle the stress of a work environment, but it was not taken into consideration.

Additionally, since the ALJ's opinion was issued, the Social Security Administration has eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). In light of the ALJ's earlier-identified error that requires reversal, the Court finds that remand for proper analysis under the new guidance would likewise be advisable here.

Because the ALJ failed to properly evaluate *all* the claimant's impairments singly and in combination, the decision of the Commissioner is therefore reversed and the case remanded to the ALJ for further analysis of the claimant's impairments. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly REVERSED and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 27th day of March, 2018.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**